IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLE R. KASARNICH,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 5:24-cv-01130<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Nichole R. Kasarnich ("Plaintiff" or "Ms. Kasarnich") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). (ECF Doc. 1.) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This matter is before the undersigned by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF Doc. 7.)

Pending before this Court is the Commissioner's Motion to Reverse and Remand, requesting that the Court reverse this matter and remand it for further proceedings pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g). (ECF Doc. 11 ("Motion").) Plaintiff opposes the Motion. (ECF Doc. 12.) She asserts that the record adequately establishes her entitlement to disability benefits, and that reversal with an immediate award of benefits is warranted. (ECF Doc. 12, ECF Doc. 9, p. 25.) "[B]efore a remand order is issued," she argues that "briefing should be completed to determine whether the claim should be remanded for Social Security to correct its errors, or if the claim should be reversed and remanded with benefits payable to Plaintiff" (ECF Doc. 12). The Motion is ripe. (ECF Docs. 11-13.)

1

For the reasons explained below, Defendant's Motion (ECF Doc. 11) is **GRANTED**.

## I. Procedural History

Plaintiff filed her DIB application on September 14, 2016, alleging a disability onset date of December 1, 2015. (Tr. 165.) She alleged disability due to anxiety, fibromyalgia, depression, ADHD, paranoia, and PTSD. (Tr. 195, 202.) Her claim was denied at the administrative level and has been appealed and remanded twice by the district court pursuant to stipulations of the parties.[1] (Tr. 1206, 3180; *see also* ECF Doc. 12, p. 1.)

After the second remand, an Administrative Law Judge ("ALJ") conducted a hearing on February 15, 2024. (Tr. 3099-3141.) The ALJ then issued an unfavorable decision on March 7, 2024, finding Ms. Kasarnich had not been under a disability within the meaning of the Social Security Act from December 1, 2015, through the date of the decision. (Tr. 3062-98.) Ms. Kasarnich filed the pending appeal on July 3, 2024. (ECF Doc. 1.)

## II. ALJ's Decision

In his March 7, 2024 decision, the ALJ made the following findings:[2]

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019. (Tr. 3068.)

2. The claimant has engaged in substantial gainful activity during the following periods: January 2023 through December 2023. (*Id.*)

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity. (Tr. 3069.)

---

[1] Plaintiff filed a later DIB claim on January 17, 2020 (Tr. 1212) and a later Supplemental Security Income claim on September 13, 2022 (Tr. 3198). In its Order of Remand, the Appeals Council ordered the ALJ to consolidate those subsequent claims with the remanded claims and issue a new decision on the consolidated claims. (Tr. 1212, 3198.)

[2] The ALJ's findings are summarized.

4. The claimant has the following severe impairments: obesity, diabetes mellitus type II, uncontrolled, with peripheral neuropathy, abscess/cellulitis/wounds/ulcer of the bilateral lower extremity, deep venous thrombosis of the left lower extremity, venous insufficiency/idiopathic chronic venous hypertension/lower extremity edema, schizoaffective disorder, bipolar disorder, depressive disorder, anxiety disorder-not otherwise specified, personality disorder, post-traumatic stress disorder, attention deficit hyperactivity disorder, and polysubstance abuse [including alcohol, opioids, stimulant, cannabis, and hallucinogen use disorder]. (*Id.*)

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 3069-72.)

6. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant may occasionally operate foot controls with the bilateral lower extremities; the claimant may occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs but may never climb ladders, ropes, or scaffolds; the claimant may occasionally be exposed to wetness, humidity, extremes of heat and cold, and must avoid all exposure to unprotected heights, dangerous moving mechanical parts, and commercial driving; the claimant is limited to the performance of simple, routine, repetitive, short-cycle tasks, conducted in a work setting free of high production-rate pace [such as is found in assembly line work], which setting is non-public in character, and requires no more than occasional and superficial [defined as preclusive of group, tandem, or collaborative tasks, or tasks involving sales, sales, arbitration, negotiation, conflict resolution, confrontation, the management of, direction, of, or persuasion of, others] interaction with co-workers and supervisors, which setting is routine, and relatively static, in that it contemplates occasional changes, easily explained and/or demonstrated in advance of gradual implementation. (Tr. 3072-82.)

7. The claimant is unable to perform any past relevant work. (Tr. 3082-83.)

8. The claimant was born in 1980 and was 35 years old, defined as a younger individual age 18-49, on the alleged disability onset date. (Tr. 3083.)

9. The claimant has at least a high school education. (*Id.*)

10. Transferability of job skills is not material to the determination of disability. (*Id.*)

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

3

      national economy that the claimant can perform, including mail clerk, cleaner and marker. (Tr. 3083-84.)

12.    The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2015, through the date of the decision. (Tr. 3084.)

### III.    Plaintiff's Assignments of Error in Merits Brief

In her appeal, Ms. Kasarnich raises the following four assignments of error:

1. The ALJ found at Step 3 that Plaintiff's impairments did not meet Listing 12.04. This finding lacks substantial evidence, because the ALJ did not accurately support his reasoning, cherry-picked evidence and did not account for the multitude of evidence contrary to his argument.

2. The ALJ afforded Dr. Cynthia Lormor's opinion no weight. This finding lacks substantial evidence, as the ALJ was required to weigh this opinion. Dr. Lormor adopted Mr. Montagner's opinion when she affixed her signature, which turned it into an acceptable medical opinion that needed to be weighed. Therefore, the ALJ's failure to weigh Dr. Lormor's opinion, results in a decision that is not supported by substantial evidence.

3. The ALJ afforded Mr. Matthew Montagner's opinion little weight, as some examinations described benign findings and was only marginally consistent with the overall evidence. This finding lacks substantial evidence, as the ALJ failed to account for the significant objective evidence and essentially only picked pieces of evidence to support his argument. Therefore, the ALJ did not provide sufficient reason for providing little weight to Mr. Montagner's opinion.

4. Despite cross-examination by counsel at the hearing, the ALJ admitted that Plaintiff, with limitations imposed in the RFC could not tolerate the training period, but could still perform "other work." This finding lacks substantial evidence, as the training and probationary period is essential for employment. Thus, if the claimant with the limitations imposed in the RFC could not adhere to the requirements for the occupations cited, the ALJ erred at Step 5 by not finding the claimant disabled.

(ECF Doc. 9, pp. 1-2.)

### IV.    Motion to Remand

The Commissioner requests that this action be remanded to the Social Security Administration ("SSA") for further administrative proceedings, explaining that the need for remand became apparent as the Commissioner's brief on the merits was being prepared. (ECF

4

Doc. 11.) Specifically, the Commissioner indicates that "[t]he ALJ's evaluation of the prior administrative medical findings did not comply with 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Ruling (SSR) 96-8p." (ECF Doc. 13, p. 1.) Accordingly, the Commissioner argues that remand to SSA for further proceedings is warranted, so that an ALJ may correct any errors and decide the case de novo. (ECF Doc. 11, ECF Doc. 13.)

Plaintiff does not consent to Defendant's request for remand. (ECF Doc. 11, p. 1; ECF Doc. 12.) Instead, she argues that the matter should be fully briefed so that this Court may determine whether the record warrants remand to correct the ALJ's errors (as requested by the Commissioner) or a reversal and remand by this Court, with an order for an immediate award of benefits. (ECF Doc. 12, p. 1.) In support, Mr. Kasarnich references arguments she presented in her Brief on the Merits and asserts that her "claim is not too dissimilar from *McAfee v. Comm'r of Soc. Sec.*, where the 'record adequately establishes Plaintiff's entitlement to benefits.'" (ECF Doc. 12, p. 1 (quoting *McAfee*, No. 3:19-CV-125, 2020 WL 5810004, at *4 (S.D. Ohio Sept. 30, 2020).) She further argues that "[t]he medical opinions of evidence strongly support[] a disability finding in this instance." (ECF Doc. 9, p. 24, ECF Doc. 12, p. 1.)

The Commissioner responds that a judicial award of benefits by this Court is not appropriate because "substantial evidence supports the ultimate conclusion that [Ms. Kasarnich] is not disabled for the entire period since the alleged onset date" and "evidence of disability is not overwhelming; rather, . . . [there are] unresolved factual and legal issues in dispute [that] are best resolved at the administrative level." (ECF Doc. 13, pp. 1-2.)

V. **Law and Analysis**

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

5

Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 505 (6th Cir. 2019)). But this Court "can reverse the decision and immediately award benefits *only* if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added). As the Sixth Circuit explains, "[b]enefits may be awarded immediately if all essential factual issues have been resolved, 'the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming.'" *Wilson*, 783 F. App'x at 505 (quoting *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 438 (6th Cir. 2013) (quoting *Faucher*, 17 F.3d at 176)). In other words, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176 (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)).

The Commissioner argues that the high evidentiary standard to support an immediate award of benefits has not been met for the following reasons: (1) Plaintiff has not established that she was disabled for the entire alleged disability period, from December 1, 2015 through March 7, 2024, particularly considering evidence that she stopped medical treatment and began working at substantial gainful activity levels in or around December 2022 (ECF Doc. 13, pp. 2-3); (2) the record contains medical opinions from many state agency medical and psychological consultants and examining doctors who did not identify "limitations consistent with disabling severity" (*id.* at pp. 3-4); and (3) Plaintiff cannot be awarded benefits unless and until a determination has been made as to whether her substance use disorder, which the ALJ found to be severe, "was a contributing factor material to the finding of disability" (*id.* at p. 4).

6

Having reviewed the arguments of the parties and the relevant records, the Court agrees with the Commissioner that Ms. Kasarnich has failed to demonstrate that "all essential factual issues have been resolved" with respect to her entitlement to benefits.  *Faucher*, 17 F.3d at 176.

First, there are unresolved questions of fact relevant to the appropriate disability term.  Plaintiff's counsel argued in a pre-hearing brief that Ms. Kasarnich "may have participated in substantial gainful activity since her alleged onset date, but it likely has not been for more than six (6) months at a time," asserting that "there should be no issue in regard to eligibility."  (Tr. 3410.)  At the hearing, however, counsel conceded that Ms. Kasarnich "does have likely SGA, I guess, earnings in 2023, but despite that, the claimant does at a minimum [have] a closed period of disability from her onset date up until 2023."  (Tr. 3107.)  The ALJ found Plaintiff's work activity from January to November or December 2023 "constitutes substantial gainful activity," and focused his analysis on an alleged disability period ending in December 2022.  (Tr. 3068.)  But there is no clear record indicating that Plaintiff is only seeking a closed period of disability ending in December 2022.[3]  Thus, factual issues remain as to the appropriate disability term.

Second, the medical records and opinion evidence do not—as Plaintiff suggests— establish either that "proof of disability is overwhelming" or that "proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176.  While medical opinions from Ms. Kasarnich's treating providers may provide support for her disability claim (*see* Tr. 3081-82), the record also contains multiple medical opinions that do not support a similar level of limitation (*see* Tr. 3079-82).  These records are representative of the "conflicting evidence" in

---

[3] To the extent that Plaintiff does admit she was able to perform work at SGA levels for most of 2023, that may also be pertinent to the determination of one of the legal issues raised in the present appeal, specifically Ms. Kasarnich's alleged inability to complete a 30-day training period for unskilled work.  (*See* ECF Doc. 9, pp. 22-25.)

7

the present evidentiary record relevant to the severity of Ms. Kasarnich's impairments, and warrant "remand[] to the ALJ for further consideration of th[e] issue." *Faucher*, 17 F.3d at 176.

Third, there are unresolved questions as to whether Ms. Kasarnich's severe substance abuse and addiction disorder is "material to the determination of disability." Under the Social Security Administration's ("SSA's") policy regarding drug addiction and alcoholism ("DAA"), a claimant must be found not disabled if it determined that she "would not meet [the SSA's] definition of disability if . . . she w[as] not using drugs or alcohol," or, in other words, if her DAA is found to be "material to the determination of disability." SSR 13-2p, 78 Fed. Reg. 11939, 11941 (February 20, 2013) (emphasis in original removed). But the SSA will not make "a DAA materiality determination" unless (1) there is "medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder" and (2) the claimant is found to be "disabled considering all impairments, including the DAA." 78 Fed. Reg. at 11941.

Here, the record contains evidence of substance use and addiction disorder (Tr. 510, 3065, 3075, 3082), and the ALJ determined that Ms. Kasarnich's severe impairments included polysubstance abuse disorder, including alcohol, opioids, stimulants, cannabis, and hallucinogen use disorders (Tr. 3069). Nevertheless, because the ALJ found Ms. Kasarnich was not disabled, he appropriately concluded that "her substance abuse and addiction disorder cannot, by definition, be considered material" and that "[n]o analysis [wa]s required." (Tr. 3065.) That finding is consistent with the requirements of SSR 13-2p, which provides that a DAA materiality determination will only made when a claimant has been found disabled. 78 Fed. Reg. at 11941.

In contrast, if this Court were to issue an immediate award of benefits, that order would necessitate a finding of disability and a DAA materiality determination would be required under SSR 13-2p. *See* SSR 13-2p, 78 Fed. Reg. at 11941. The "key factor" to be "examine[d]" in

determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether [the SSA] would still find a claimant disabled if . . . she stopped using drugs or alcohol." SSR 13-2p, 78 Fed. Reg. at 11941. That essential finding rests on unresolved factual issues that should be addressed at the administrative level.

For the reasons set forth above, the record does not support a finding that "proof of disability is overwhelming," that "proof of disability is strong and evidence to the contrary is lacking," or that "all essential factual issues have been resolved and the record adequately establishes . . . [Ms. Kasarnich's] entitlement to benefits." *Faucher*, 17 F.3d at 176. Accordingly, the case must be remanded to the Commissioner for further proceedings.

## VI. Conclusion

Defendant's Motion to Reverse and Remand the Commissioner's final decision pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g) for further proceedings (ECF Doc. 11) is **GRANTED**. On remand, the Appeals Council shall instruct the administrative law judge to further consider the Plaintiff's claim, to include a proper evaluation of the medical opinion evidence, offering Plaintiff a new hearing, assessing whether Plaintiff's DAA is material to a determination of disability if Plaintiff is found disabled, taking any further action necessary to complete the administrative record, and issuing a new decision.

September 18, 2025

*/s/Amanda M. Knapp*
AMANDA M. KNAPP
United States Magistrate Judge